USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/19/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

DAVID MARTIN HABER,

       Plaintiff,

  -against-

CREDIT SESAME and CREDIT ONE BANK, N.A.,

       Defendants.

------------------------------------------------------------------- X

19-CV-11105 (VEC)

MEMORANDUM OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

*Pro se* Plaintiff David Haber brings this action against Defendants Credit Sesame and Credit One Bank, N.A. ("Credit One") alleging violations of the Credit Repair Organizations Act, 15 U.S.C. § 1679 *et seq.* ("CROA"), and state law torts. On January 3, 2020, this Court referred the case to Magistrate Judge Gorenstein for general pretrial proceedings and for the preparation of a report and recommendation on any dispositive motion pursuant to 28 U.S.C. § 636(b). Dkt. 10. Credit One (Dkt. 21) and Credit Sesame (Dkt. 26) each moved to dismiss the amended complaint. On October 14, 2020, Judge Gorenstein issued his Report and Recommendation ("R&R"), in which he recommends that Plaintiff's amended complaint be dismissed in its entirety and that Plaintiff not be given leave to amend. Dkt. 67. On October 20, 2020, Plaintiff demanded a trial by jury but did not address Judge Gorenstein's R&R. Dkt. 68. By letter dated December 16, 2020, Plaintiff filed a document titled "Opposition to Report and Recommendation." Dkt. 69. For the following reasons, the Court ADOPTS the R&R in full.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b)(1)(C).  "To accept those portions of the report to which no timely objection has been made, 'a district court need only satisfy itself that there is no clear error on the face of the record.'"  *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  Objections, however, "may not be 'conclusory or general,' and parties may not simply regurgitate the original briefs to the magistrate judge."  *Hernandez v. City of New York*, No. 11-CV-6644, 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (citation omitted).  Although "[t]he objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest,'" *Petyan v. N.Y.C. Law Dep't*, No. 14-CV-1434, 2015 WL 4104841, at *1 (S.D.N.Y. July 2, 2015) (citation omitted), the objections still "must be specific and clearly aimed at particular findings," *Harden v. LaClaire*, No. 07-CV-4592, 2008 WL 4735231, at *1 (S.D.N.Y. Oct. 27, 2008); *see also Schildwachter v. Berryhill*, No. 17-CV-7277, 2019 WL 1115026, at *1 (S.D.N.Y. Mar. 11, 2019) (holding that in order to preserve objections for appeal, the objections "must refer 'to specific findings or recommendations' in the R&R and must support their positions with legal authority") (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).  To the extent "that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error."  *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report

and recommendation for clear error where objections are 'merely perfunctory responses,' argued in an attempt to 'engage the district court in a rehashing of the same arguments set forth in the original petition.'" (citations omitted)).

Plaintiff's October 20, 2020 filing, titled "Demand Trial by Jury," in which Plaintiff does not even address Judge Gorenstein's R&R, plainly does not raise any cognizable objection for this Court to consider. *See* Dkt. 68. Plaintiff's subsequent submission, however, does object to Judge Goreinstein's R&R, at least in title if not in substance. *See* Dkt. 69. Plaintiff submitted his objections on December 16, 2020, however, rendering them untimely under 28 U.S.C. 636(b)(1) and Federal Rule of Civil Procedure 72(b); Judge Gorenstein explicitly stated in his R&R that the parties had 14 days from service of the R&R to file any objections. *See* R&R at 11–12. As reflected on the docket, the Clerk of Court mailed a copy of the R&R to Plaintiff on October 14, 2020, the same day on which the R&R was issued. Plaintiff submitted his only potentially cognizable objections more than six weeks after the deadline to file objections had passed. *See* Dkt. 69; R&R at 11–12.

Even were the Court to consider Plaintiff's objections, however, they are all conclusory or general arguments that are not "specific and clearly aimed at particular findings," *Harden*, 2008 WL 4735231, at *1, and are instead "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition," *Ortiz*, 558 F. Supp. 2d at 451 (cleaned up). Plaintiff continues to press his theory that Defendants are "conspirators operating . . . as a corrupt criminal enterprise" and have victimized thousands of clients. Dkt. 69 at 1. Plaintiff also contends that Judge Gorenstein violated Plaintiff's "civil and human rights" by denying his motion for pro bono counsel[1] and complains

---

[1] Plaintiff also asserts that Judge Gorenstein failed to file the order denying Plaintiff's motion for pro bono counsel on the record. *Id.* at 2. Judge Gorenstein's order, which appears at Dkt. 53, required Defendants' counsel to

that Judge Gorenstein's R&R is biased, more akin to "what one would expect a defendant[']s attorney to submit" than an impartial adjudicator of his case. *Id.* at 1–2. Plaintiff asserts further that Defendants' counsel are in violation of certain court procedures and that the declarations submitted by Defendants in further support of their motions to dismiss are fraudulent and dishonest, and the declarants themselves must be deposed. *Id.*

None of these objections is directed at any findings or conclusions in Judge Gorenstein's R&R. Because Plaintiff's objections are both untimely and generalized assertions not aimed at any specific aspect of Judge Gorenstein's R&R, the Court reviews the R&R for clear error. *Ortiz*, 558 F. Supp. 2d at 451; *Petyan*, 2015 WL 4104841, at *1. Careful review of Magistrate Judge Gorenstein's R&R reveals that there is no clear error in its conclusions. Accordingly, the Court adopts the R&R in full.

## CONCLUSION

For all the foregoing reasons, this Court ADOPTS the R&R in its entirety. Defendants' motions to dismiss are GRANTED. The Court declines to extend Plaintiff leave to amend his complaint.[2] Because the R&R gave the parties adequate warning, *see* R&R at 11–12, Plaintiff's failure to file adequate and specific objections to the R&R precludes appellate review of this decision. *See Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008); *Mario,* 313 F.3d at 766. Further, the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purposes

---

serve a copy of the order on Plaintiff by mail and file an affidavit of service on the docket, which defense counsel did. *See* Dkt. 57.

[2] Because the Court has declined to exercise jurisdiction over Plaintiff's state-law claims, without considering the merits, Plaintiff may bring his dismissed state claims in New York State court, should he so choose.

of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a non-frivolous issue).

The Clerk of Court is respectfully directed to close the open motions at Dkt. 21 and Dkt. 26 and close this case.

**SO ORDERED:**

*[signature]*

**January 19, 2021**　　　　　　　　　　**VALERIE CAPRONI**
**New York, New York**　　　　　　　　**United States District Judge**